Marc D. Fink (MN Bar No. 343407)
Center for Biological Diversity
209 East 7th Street
Duluth, Minnesota 55805
Tel: 218-464-0539
Email: mfink@biologicaldiversity.org

Brian Segee (Cal. Bar No. 200795)
Center for Biological Diversity
660 S. Figueroa Street, Suite 1000
Los Angeles, CA 90017
Tel: 805-750-8852
Email: bsegee@biologicaldiversity.org

*Attorneys for Plaintiffs*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA
# TUCSON DIVISION

| | |
|---|---|
| Center for Biological Diversity; and Maricopa Audubon Society, | ) Case No. CV-20-00075-TUC-SHR ) |
| Plaintiffs, | ) **STIPULATED SETTLEMENT** ) **AGREEMENT** ) |
| v. | ) ) |
| Scott de la Vega, Acting Secretary of the Interior; U.S. Fish and Wildlife Service; and U.S. Forest Service, | ) ) ) ) |
| Federal Defendants, | ) ) |
| and, | ) ) |
| Arizona Cattle Growers' Association; Barbara and William Marks; and Doug Stacy, | ) ) ) |
| Intervenor-Defendants. | ) |

**EXHIBIT A**

This Stipulated Settlement Agreement is entered into by and between Plaintiffs Center for Biological Diversity and Maricopa Audubon Society (hereafter "Plaintiffs"), and Federal Defendants Scott de la Vega, Acting Secretary of the Interior, United States Fish and Wildlife Service, and United States Forest Service (hereafter "Federal Defendants") (collectively, "the Parties"), who state as follows:

WHEREAS Plaintiffs filed their "Complaint for Declaratory and Injunctive Relief," ECF No. 1, on February 20, 2020;

WHEREAS Plaintiffs' Complaint alleges that Federal Defendants have violated various provisions of the Endangered Species Act ("ESA") and the National Forest Management Act ("NFMA") in relation to the United States Forest Service's administration of the Apache-Sitgreaves National Forest and impacts to the endangered New Mexico Meadow Jumping Mouse;

WHEREAS the Wallow Fire of 2011 destroyed much of the boundary fence between the Fort Apache Indian Reservation to the west and the Apache-Sitgreaves National Forest to the east, as depicted in Attachment A;

WHEREAS the Forest Service has reconstructed approximately 14 miles of the 19-mile boundary fence with the Fort Apache Indian Reservation, from the Black River north to Reservation Lake, to limit unauthorized livestock from entering National Forest System lands;

WHEREAS the Forest Service has an existing contract to reconstruct approximately 2.25 miles of additional boundary fence from Reservation Lake north to a location just south of Thompson Creek that the Forest Service anticipates will be completed by June 30, 2021;

WHEREAS the Forest Service has not secured funding to reconstruct the remaining approximately 2.75-mile stretch of the boundary fence from Thompson Creek north to a natural boundary against the Baldy Wilderness;

**EXHIBIT A**

WHEREAS Plaintiffs have indicated an interest and intention to assist the Forest Service in obtaining funding to reconstruct the remaining approximately 2.75-mile stretch of boundary fence, and the Regional Office has made securing such funding (from both internal and external sources) a priority;

WHEREAS Plaintiffs and Federal Defendants have reached an agreement to resolve this case, with the Parties agreeing to undertake and perform the measures set forth in this Stipulated Settlement Agreement;

THEREFORE, pursuant to Federal Rule of Civil Procedure 41, Plaintiffs and Federal Defendants stipulate and agree as follows:

1. The Forest Service will inspect, maintain, and repair the reconstructed and otherwise completed sections of the 19-mile boundary fence between the Fort Apache Indian Reservation to the west and the Apache-Sitgreaves National Forest to the east, as depicted in Attachment A, consistent with the provisions in this paragraph and for the term of this Stipulated Settlement Agreement.  The Forest Service will inspect approximately 3 miles of these sections of the 19-mile boundary fence every month during the grazing season (May 15 to October 15), weather and conditions permitting, rotating through different areas and portions of fencing each month.  Repairs that the Forest Service identifies as being needed during these inspections will be made as soon as staffing, funding, and resources are available.  The Forest Service will prioritize these repairs to the extent possible given other Forest needs and obligations.  The Forest Service agrees to maintain a list of needed repairs and will provide that list upon request to Plaintiffs.

2. The Forest Service will prepare monthly reports to document any inspections and repairs that were made regarding the boundary fencing addressed in (1) above.  The Forest Service will post these inspection reports online and ensure that each report is signed by a Forest Service employee with supervisory authority.

**EXHIBIT A**

3.  The Forest Service will inspect existing riparian fencing and exclosures for which it is responsible within New Mexico meadow jumping mouse critical habitat in the Black River watershed on the Apache-Sitgreaves National Forest as depicted in Attachment A (East Fork of the Lower Colorado River Elk Exclosures, Boggy Creek Experimental Plots, Boggy Creek Cattle Exclosure, Boggy Creek Elk Exclosure, Centerfire Creek Cattle and Elk Exclosures, West Fork Black River Crossing Exclosure, PS_Grandfather Fence).  The Forest Service agrees to conduct these inspections at least monthly between May 15 and October 15, weather and conditions permitting, with the understanding that inspections will rotate through different areas and portions of fencing each month.  When horses or cattle are found within the existing exclosures, the Forest Service will work to remove the horses or cattle from the exclosures within 14 days and make any needed repairs as soon as staffing, funding, and resources are available.

4.  The commitments made by the Forest Service in Paragraphs 1-3 will commence on the date that this agreement is approved by the Court, and extend for a period of two years from that date.

5.  The United States Fish and Wildlife Service will submit a notice of availability of the Draft Recovery Plan for the New Mexico meadow jumping mouse to the Federal Register and post it on the Fish and Wildlife Service website no later than January 31, 2022, and will complete the Final Recovery Plan for the jumping mouse and post it on the Fish and Wildlife Service website by January 31, 2023.

6.  Attorneys' Fees and Costs.

   a.  Federal Defendants agree to pay Plaintiffs $28,000.00 in full and complete satisfaction of any and all claims, demands, rights, and causes of action pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), ESA Section 11(g)(4), 16 U.S.C. § 1540(g)(4), and/or any other statute and/or common law theory, for

4

**EXHIBIT A**

any and all attorneys' fees and costs incurred in this litigation through the date of dismissal of the action pursuant to Paragraph 7.

   b. Federal Defendants' payment as identified in Paragraph 6.a above, shall be accomplished by electronic fund transfer into the Center for Biological Diversity. Plaintiffs' counsel will provide the appropriate account number, tax identification, and other information needed to facilitate payment to undersigned counsel for Federal Defendants. Federal Defendants shall submit the paperwork for the payment within thirty (30) business days after this Stipulated Settlement Agreement is approved by the Court or Plaintiffs provide the necessary information as required by this paragraph to facilitate the payment, whichever is later. Plaintiffs' counsel shall notify undersigned counsel for Federal Defendants when payment is received.

   c. Plaintiffs agree that receipt of the full amount specified in Paragraph 6.a above shall operate as a release of any and all claims for attorneys' fees and costs that Plaintiffs have incurred in this litigation through the date of dismissal of the action pursuant to Paragraph 7.

   d. Plaintiffs and their attorneys agree to hold harmless Federal Defendants in any litigation, further suit, or claim arising from the payment of the agreed-upon $28,000.00 settlement amount pursuant to Paragraph 6.a. Under 31 U.S.C. §§ 3711, 3716; 26 U.S.C. § 6402(d); 31 C.F.R. §§ 285.5, 901.3; and other authorities, the United States will offset against the attorney fee award Plaintiffs' delinquent debts to the United States, if any. *See Astrue v. Ratliff*, 560 U.S. 586 (2010).

  7. Plaintiffs dismiss this action with prejudice, except as to their First and Third Claims for Relief, pursuant to Rule 41 of the Federal Rules of Civil Procedure. Plaintiffs dismiss their First and Third Claims for Relief, regarding Section 7 of the Endangered Species Act, 16 U.S.C. § 1536, without prejudice.

**EXHIBIT A**

8.     In the event there is a dispute over compliance with any term or provision of this Stipulated Settlement Agreement, the disputing Party will notify the other Party in writing of the nature of the dispute and, within 7 days after such notification, the Parties will discuss and attempt to resolve the dispute.  If the Parties do not resolve the dispute within 15 days thereafter, Plaintiffs have the option of filing a new case.  Through this Agreement, Federal Defendants do not waive any jurisdictional, procedural, or substantive defenses to any new cases.  The Parties agree not to seek to invoke the contempt powers of this Court in aid of enforcement of this Agreement.

9.     The undersigned representatives of Plaintiffs and Federal Defendants certify that they are fully authorized by the Party or Parties whom they represent to enter into the terms and conditions of this Stipulated Settlement Agreement and to legally bind those Parties to it.

10.    Nothing in this Stipulated Settlement Agreement shall be interpreted as, or shall constitute, a commitment or requirement that Federal Defendants obligate or pay funds, or take any other actions in contravention of the Anti-Deficiency Act, 31 U.S.C. § 1341, or any other applicable law.  Nothing in this Stipulated Settlement Agreement shall be construed to deprive a federal official of authority to revise, amend or promulgate regulations, or to amend or revise land and resource management plans. Nothing in this Stipulated Settlement Agreement is intended to or shall be construed to amend or require amendment of the Forest Plan for the Apache-Sitgreaves National Forest; to waive any obligation to exhaust administrative remedies; to constitute an independent waiver of the United States' sovereign immunity; to change the standard of judicial review of federal agency actions under the Administrative Procedure Act ("APA"); or to otherwise extend or grant this Court jurisdiction to hear any matter, except as expressly provided in the Stipulated Settlement Agreement.

**EXHIBIT A**

11.     It is hereby expressly understood and agreed that this Stipulated Settlement Agreement was jointly drafted by Plaintiffs and Federal Defendants.  Accordingly, the Parties hereby agree that any and all rules of construction, to the effect that ambiguity is construed against the drafting Party, shall be inapplicable in any dispute concerning the terms, meaning, or interpretation of the Stipulated Settlement Agreement.

12.     This Stipulated Settlement Agreement contains all of the agreements between Plaintiffs and Federal Defendants, and is intended to be and is the final and sole agreement between the Parties concerning the complete and final resolution of Plaintiffs' claims.  Plaintiffs and Federal Defendants agree that any other prior or contemporaneous representations or understandings not explicitly contained in this Stipulated Settlement Agreement, whether written or oral, are of no further legal or equitable force or effect.  Any subsequent modifications to this Stipulated Settlement Agreement must be in writing, and must be signed and executed by Plaintiffs and Federal Defendants.

13.     This Stipulated Settlement Agreement is the result of compromise and settlement, and does not constitute an admission, implied or otherwise, by Plaintiffs or Federal Defendants to any fact, claim, or defense on any issue in this litigation.  This Stipulated Settlement Agreement has no precedential value and shall not be cited in any other litigation.

14.     The Parties understand that notwithstanding their efforts to comply with the commitments contained herein, events beyond their control may prevent or delay such compliance.  Such events may include natural disasters as well as unavoidable legal barriers or restraints, including those arising from actions of persons or entities that are not party to this Stipulated Settlement Agreement.  Force majeure shall not continue beyond the circumstances and conditions that prevent timely performance, and shall not apply if alternative means of compliance are available.  The Party claiming force majeure

**EXHIBIT A**

shall have the burden of proof in proceedings to enforce or modify the Stipulated Settlement Agreement.

15. This Stipulated Settlement Agreement contains all of the agreements between the Parties, and is the final and sole agreement between the Parties regarding this dispute. None of the provisions or obligations of this Stipulated Settlement Agreement shall become effective and binding unless and until the Court enters its approval.

Respectfully submitted on March 17, 2021.

/s/ Mark D. Fink (electronic approval 3/17/21)
Marc D. Fink (MN Bar No. 343407)
Center for Biological Diversity
209 East 7th Street
Duluth, Minnesota 55805
Phone: 218-464-0539
Email: mfink@biologicaldiversity.org

Brian Segee (Cal. Bar No. 200795)
Center for Biological Diversity
660 S. Figueroa Street, Suite 1000
Los Angeles, CA 90017
Tel: 805-750-8852
Email: bsegee@biologicaldiversity.org

*Attorneys for Plaintiffs*

JEAN E. WILLIAMS
Acting Assistant Attorney General
United States Department of Justice
Environment & Natural Resources Division

/s/ Andrew A. Smith                               .
ANDREW A. SMITH (NM Bar No. 8341)
Senior Trial Attorney
Natural Resources Section
c/o United States Attorney's Office

**EXHIBIT A**

201 Third Street, N.W., Suite 900
P.O. Box 607
Albuquerque, New Mexico 87103
Phone: (505) 224 1468
andrew.smith@usdoj.gov

EMMA L. HAMILTON (CA Bar No. 325360)
Trial Attorney
Natural Resources Section
P.O. Box 7611
Washington, D.C. 20044-7611
Phone: (202) 305-0479
Fax: (202) 305-0506
emma.hamilton@usdoj.gov

*Attorneys for Federal Defendants*

**EXHIBIT A**